UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED SEATING & MOBILITY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV2208 JCH |
| | ) | |
| MISTY HOMEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, filed November 28, 2005. (Doc. No. 6). The matter is fully briefed and ready for disposition.

**BACKGROUND**

By way of background, Plaintiff filed its original Petition for Damages and Injunctive Relief in this matter in the Circuit Court of the County of St. Louis, Missouri, on November 18, 2005. (Verified Petition for Damages and Injunctive Relief, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl.")). In its Complaint, Plaintiff alleges two counts of breach of a Non-Disclosure, Non-Competition, Non-Solicitation Agreement (the "Contract"). (Compl., PP. 2-6). Specifically, Plaintiff claims that Defendant has solicited some of its customers and accounts (Count I), and is unfairly competing with Plaintiff in restricted areas (Count II). (Id.). In its prayer for relief, Plaintiff requests damages in excess of $25,000 for each count. (Id., PP. 5, 6). Additionally, Plaintiff requests that this Court grant a temporary restraining order, as well as preliminary and permanent injunctions against Defendant, prohibiting her from calling

upon or soliciting Plaintiff's customers and accounts, and from competing against Plaintiff in the restricted geographical areas, until November 4, 2006. (Id.).

On November 22, 2005, Defendant removed Plaintiff's action to this Court. (Doc. No. 1). In doing so, Defendant asserted that this Court possesses jurisdiction over this matter under 28 U.S.C. § 1332, as there is complete diversity of citizenship, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. (Id., ¶¶ 5, 6).

As stated above, Plaintiff filed its Motion to Remand on November 28, 2005. (Doc. No. 6). In its motion, Plaintiff maintains this Court lacks jurisdiction, as Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Id.).

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. Id. (citations omitted).

The Eighth Circuit recently articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party,...must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut.

Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003) (citation omitted). See also James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (citation omitted) ("The burden thereafter fell upon [Defendant], as the party invoking federal jurisdiction, to show by a preponderance of the evidence the claims originally asserted by [Plaintiff] could, that is might, legally satisfy the amount in controversy requirement"). The Eighth Circuit further has held that, "[t]his amount-in-controversy requirement is satisfied when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Capitol Indemnity Corp. v. 1405 Assoc., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (internal quotations and citation omitted). See also Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are....").

In her response to Plaintiff's Motion to Remand, Defendant first notes that each count of the Complaint asks for a minimum of $25,000 in actual damages, for a total of $50,000. (Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand ("Defendant's Memo in Opp."), P. 1). Defendant then correctly asserts that the value of the injunctive relief Plaintiff seeks must also be considered when determining the amount in controversy. (Id.).

Under Eighth Circuit law, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" Kramper, 393 F.3d at 833, quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In calculating the

value of the injunctive relief at issue here, Defendant points out that she generated $322,446 in net revenue during the five months prior to the termination of her employment with Plaintiff. (Defendant's Memo in Opp., P. 3). Assuming gross profits in the range of 40-50%, an assumption not contested by Plaintiff, Defendant asserts Plaintiff stands to lose a sum considerably higher than $75,000, should its request for a twelve month injunction be denied. (Id., P. 5).

By way of reply, Plaintiff first contends the monetary damages requested in each count of its Complaint are essentially the same, and thus duplicative. (Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Remand ("Plaintiff's Reply"), P. 4). Plaintiff then asserts that even if this Court aggregates the counts to total $50,000, the jurisdictional amount in controversy is not met, as the monetary value of the injunctive relief at issue does not exceed $25,000. (Id.). Specifically, Plaintiff argues that (1) Defendant's alleged breach has not yet caused any damage, and (2) damages will not exceed $75,000 if Defendant promptly is enjoined from further violation of the Contract. (Plaintiff's Memorandum in Support of Motion to Remand, P. 2).

Upon consideration, the Court will deny Plaintiff's Motion to Remand. As stated above, under the law of the Eighth Circuit, the value of injunctive relief must be included in determining the amount in controversy. Burns v. Massachusetts Mutual Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987). The value of such equitable relief is equivalent to, "the value of the property right sought to be protected against the alleged interference." Hulsenbusch v. Davidson Rubber Co. Inc., 344 F.2d 730, 733 (8th Cir. 1965) (citations omitted), cert. denied, 382 U.S. 977 (1966). In the instant case, this right is definable as Plaintiff's alleged entitlement to be free from Defendant's competition and solicitation of

its customers for a one-year period. Id. Therefore, a proper valuation of the injunctive relief sought by Plaintiff depends neither upon damages already sustained, nor upon the claim that future damages can be avoided by the issuance of an injunction. Id. As Defendant generated revenues exceeding $300,000 during a five-month period while in the employ of Plaintiff, a jury easily could find that the value of enjoining her from competing with Plaintiff and/or soliciting its clients for a period of one year exceeds $75,000.[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 6) is **DENIED**.

Dated this 28th day of February, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] In its reply, Plaintiff argues that under Eighth Circuit law, this Court cannot determine the amount in controversy by looking to Plaintiff's potential gross premium income generated by Defendant during the relevant time period. (Plaintiff's Reply, PP. 5-6, citing Federated Mut. Implement and Hardware Ins. Co. v. Steinheider, 268 F.2d 734 (8th Cir. 1959)). Steinheider is distinguishable, however, as in that case the district court made findings only as to gross premiums, and not as to net profits. See Hedberg v. State Farm Mut. Auto. Ins. Co., 350 F.2d 924, 930 (8th Cir. 1965).