UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED SEATING & MOBILITY, L.L.C., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV2208 JCH |
| ) | |
| MISTY HOMEN, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and/or *Colorado River* Abstention, and Alternative Motion to Transfer Venue ("Defendant's Motion to Dismiss"), filed November 28, 2005. (Doc. No. 4). Plaintiff filed its Memorandum in Opposition to Defendant's Motion ("Plaintiff's Memo in Opp.") on December 5, 2005. (Doc. No. 11).

## BACKGROUND

Plaintiff United Seating & Mobility, L.L.C. ("Plaintiff" or "USM") is a limited liability corporation with its primary place of business in the County of St. Louis, Missouri. (Verified Petition for Damages and Injunctive Relief, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl."), ¶ 1). Plaintiff is in the business of providing seating and mobility solutions to people with disabilities. (Id.).

Defendant Misty Homen ("Defendant" or "Employee") is an in individual residing in Tarrant County, Texas, and working in Dallas County, Texas. (Compl., ¶ 2). Defendant originally was employed with Plaintiff in Albuquerque, New Mexico, from March, 2003 to November, 2003. (Compl., ¶ 12; Defendant's Memorandum in Support of Motion to Dismiss ("Defendant's Memo in

Support"), P. 2). As part of this original employment, Defendant traveled to Missouri in 2003, for training as a new employee with Plaintiff. (Defendant's Memo in Support, P. 3).

Defendant resigned her employment with Plaintiff in November, 2003, but then rejoined the company in May, 2005, and began working at its office in Forth Worth, Texas. (Defendant's Memo in Support, P. 2). On May 16, 2005, Defendant entered into a Non-Disclosure, Non-Competition, Non-Solicitation Agreement (the "Contract") with Plaintiff, which stated in relevant part as follows:

1. In order to protect USM's substantial time, money, and effort invested … it is understood that Employee will not directly or indirectly during the term of his/her employment with USM and for a period of one year after his/her employment with USM, regardless of whether any employment agreement terminates before or after the actual end of his/her employment, in the territories described below in paragraph 2, for himself/herself or on behalf of any other person, firm, company, corporation, or partnership, do, perform, or provide information enabling anyone else to do or perform any of the following:

    a. Contact or call upon any person, business, or entity for the purpose of selling, installing, or maintaining wheelchairs of any type, seating and positioning products, or any other kind of product sold or manufactured by USM.

    b. Solicit, take away, or endeavor to take away any of USM's customers that have purchased products or services of USM or persons or entities that have referred customers to USM....

    d. Accept employment or in any other way become associated with … any other person, firm, corporation, or entity within the territories described below … which person, firm, corporation, or entity is engage[d] in the business of selling, installing, or maintaining wheelchairs of any type, seating and positioning products, or any other kind of product sold or manufactured by USM.

(Contract, attached to Compl. as Exh. A, ¶ A(1)). The Contract was to be construed in accordance with Missouri law. (Contract, ¶ C).

Defendant's employment with Plaintiff's Fort Worth office ceased around October, 2005. (Defendant's Memo in Support, P. 2). Defendant accepted employment and is currently employed with United Rehab Specialists in Dallas, Texas. (Compl., ¶ 6).

Plaintiff filed its Complaint in this matter in the Circuit Court of the County of St. Louis, Missouri, on November 18, 2005. In its Complaint, Plaintiff alleges two counts of breach of the Contract. (Compl., PP. 2-6). Specifically, Plaintiff claims that Defendant has solicited some of its customers and accounts (Count I), and is unfairly competing with Plaintiff in restricted areas (Count II). (Id.). Defendant removed Plaintiff's action to this Court on November 22, 2005. (Doc. No. 1). In doing so, Defendant asserted that this Court possesses jurisdiction over this matter under 28 U.S.C. § 1332. (Id., ¶¶ 5, 6).

As stated above, on November 28, 2005, Defendant filed the instant Motion to Dismiss, in which she makes the following arguments: (1) that Plaintiff's action must be dismissed, as this Court lacks personal jurisdiction over Defendant; (2) that Plaintiff's action should be dismissed, pursuant to the *Colorado River* abstention doctrine; and (3) that in the absence of dismissal, Plaintiff's action should be transferred to the Northern District of Texas under 28 U.S.C. § 1404. (Defendant's Motion to Dismiss). Because it is dispositive, the Court will address only Defendant's personal jurisdiction argument.

## DISCUSSION

In passing on a motion to dismiss, a court must view the facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The plaintiff has the burden of establishing jurisdiction, however. Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977). To survive a motion to dismiss for a lack of personal jurisdiction, a plaintiff is only required to make a prima facie showing of personal jurisdiction

over the defendant. Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp. 2d 951, 955 (E.D. Mo. 2001).

This Court must engage in a two-step inquiry to determine whether it may exercise jurisdiction over a non-resident defendant. First, the Court must determine whether the facts presented satisfy the requirements of Missouri's long-arm statute. Angelica Corp. v. Gallery Mfg. Corp., 904 F.Supp. 993, 996 (E.D. Mo. 1995) (citations omitted). If so, the court must determine, "whether the exercise of personal jurisdiction over [the] defendant comports with the Due Process Clause of the Fourteenth Amendment." Id. (citations omitted). The Eighth Circuit has held, however, that when a state interprets its long-arm statute to confer jurisdiction to the fullest extent permitted by the Due Process Clause, as Missouri does, the jurisdictional inquiry collapses into the single question of whether the exercise of personal jurisdiction comports with due process. Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994); Meredith, Inc. v. Marketing Resources Group of Oregon, Inc., 2005 WL 2334294 at *2 (E.D. Mo. Sep. 23, 2005), quoting Bell v. Imperial Palace Hotel/Casino, Inc., 200 F.Supp.2d 1082, 1085 (W.D. Mo. 2001).

Due Process requires that this Court exercise jurisdiction, "only if defendant has sufficient 'minimum contacts' with the forum state, such that summoning the defendant to the forum state would not offend 'traditional notions of fair play and substantial justice.'" Digi-Tel Holdings, Inc. v. Proteq Telecomm., Ltd., 89 F.3d 519, 522 (8th Cir. 1996), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The defendant's contacts with the forum state must be more than "random," "fortuitous," or "attenuated." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citations omitted). Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286,

297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (citations omitted). And as the Eighth Circuit has held, "[t]his requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum … and the litigation results from alleged injuries that arise out of or relate to those activities." Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1389 (8th Cir. 1991) (internal quotations and citations omitted).

The Eighth Circuit analyzes the following five factors in determining whether the constitutional requirements for personal jurisdiction are present: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Digi-Tel Holdings, 89 F.3d at 522-23 (citations and footnote omitted). "The first three factors are of primary importance, and the last two are 'secondary factors.'" Id. at 523 (citations omitted). Because the first three factors are closely interrelated, the Court will consider them together.

Having viewed the facts provided by both parties in the light most favorable to Plaintiff, this Court acknowledges the existence of some contacts between Defendant and the forum state. For example, this action undisputedly arises out of a contract Defendant made in the course of her employment with Plaintiff, a Missouri company. (Plaintiff's Memo in Opp., P. 7). Furthermore, Plaintiff asserts Defendant had the following ongoing contacts with Missouri: (1) Defendant regularly communicated via telephone calls and e-mails with personnel in Plaintiff's offices in Missouri; (2) in entering into the Contract at issue here, Defendant agreed to a choice-of-law provision specifying Missouri law would govern any disputes arising under the agreement; (3) Defendant regularly sent her expense reports to Missouri for reimbursement from Plaintiff's Missouri bank accounts; (4)

Defendant's sales orders were processed in Missouri; and (5) Defendant attended a mandatory 2003 training seminar in Missouri. (Plaintiff's Memo in Opp., pp. 4-6).

Upon consideration, however, the Court finds that none of these facts indicates Defendant has, "purposely availed [herself] of the privilege of conducting activities within [Missouri], thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) (citation omitted). First, while Defendant admittedly entered into a contract with a Missouri resident, "[m]erely entering into a contract with a forum resident does not provide the requisite contacts between a [non-resident party] and the forum state." Wines v. Lake Havasu Boat Mfg. Inc., 846 F.2d 40, 43 (8th Cir. 1988) (internal quotations and citation omitted). Second, the Eighth Circuit has held that, "the use of arteries of interstate mail, telephone,.... and banking facilities is insufficient, standing alone, to satisfy due process." Mountaire Feeds, Inc. v. Agro Impex, 677 F.2d 651, 656 (8th Cir. 1982) (internal quotations and citations omitted). "Similarly, although a choice-of-law provision may be considered for jurisdictional purposes....it is insufficient in itself to confer jurisdiction." Digi-Tel Holdings, 89 F.3d at 523 (citations omitted); Iowa Electric Light and Power Co. v. Atlas Corp., 603 F.2d 1301, 1304 (8th Cir. 1979) ("It is well established that this choice-of-law provision does not have jurisdictional implications."), cert. denied, 445 U.S. 911 (1980). Third, the fact that Plaintiff's Missouri branch handles reimbursements and order processing does not subject Defendant to service of process in Missouri. Breiner Equip. Co. v. Dynaquip, Inc., 539 F.Supp. 204, 206 (E.D. Mo. 1982) (citations omitted) (holding that "unilateral activities on the part of the plaintiff in performing a contract is [not] enough to subject a defendant to service of process" in the forum state). Finally, Defendant's visit to Missouri in 2003 does not establish a connection with the forum state sufficient to confer jurisdiction, as the trip had nothing

to do with the Contract or the employment term at issue in this case. (Defendant's Reply Memorandum in Support of Motion to Dismiss ("Defendant's Reply"), PP. 3-4).

In contrast to Defendant's limited contacts with Missouri, the Court finds the majority of significant events precipitating this lawsuit occurred outside the forum state. For example, Defendant executed the Contract at issue in Texas. (Defendant's Memo in Support, P. 5). Further, at all relevant times Defendant was a Texas resident, living and working in Texas. (Id., P. 2). She has never worked in Missouri, has no customers in Missouri, and is unaware of any family or friends living in Missouri. (Id., PP. 2-3). Finally, the alleged breaches of the Contract were all committed in Texas, and involved businesses and residents of Texas. (Compl., ¶¶ 19, 25; Plaintiff's Memo in Opp. P. 9). Thus, as the Eighth Circuit stated in Digi-Tel Holdings:

> The contacts with [Missouri] appear at best as inconsequential rather than substantial under these circumstances....Given the nature and quality of [Defendant's] contacts with [Missouri], traditional notions of fair play and substantial justice indicate that [Defendant] would not expect to litigate in the State of [Missouri].

Digi-Tel Holdings, 89 F.3d at 525.[1] Defendant's Motion to Dismiss will therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and/or *Colorado River* Abstention, and Alternative Motion to Transfer Venue (Doc. No. 4) is **GRANTED** in part and **DENIED** in part.

---

[1] The Court's consideration of the "secondary factors" does not alter its conclusion. First, although the Court assumes that Missouri has an interest in providing a forum for its residents, this interest cannot make up for the absence of minimum contacts. Digi-Tel Holdings, 89 F.3d at 525, citing Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 376 (8th Cir. 1990). With respect to the fifth criterion, the Court notes that the balance of convenience to the parties either is neutral, or favors Defendant. (Defendant's Reply, P. 5).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 4) is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for *Colorado River* Abstention (Doc. No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer Venue (Doc. No. 4) is **DENIED** as moot.

Dated this 8th day of March, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE